IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF HAWAII

| FRANCISCO C. MARLANG, | ) | CIVIL NO. 14-00293 SOM/RLP |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | COSTCO WHOLESALE |
| vs. | ) | CORPORATION'S MOTION FOR |
| | ) | SUMMARY JUDGMENT AND |
| COSTCO WHOLESALE CORPORATION; | ) | ALTERNATIVE MOTION FOR |
| JOHN DOES 1-10; DOE ENTITIES | ) | JUDGMENT ON THE PLEADINGS |
| 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT COSTCO WHOLESALE
CORPORATION'S MOTION FOR SUMMARY JUDGMENT
AND ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.    INTRODUCTION.**

  This case involves a single claim that Defendant Costco Wholesale Corporation improperly discriminated against Plaintiff Francisco C. Marlang based on his disability. Costco moves for summary judgment, arguing that Marlang cannot satisfy his burden under the <u>McDonnell Douglas</u> framework. Costco does not challenge Marlang's disability status or deny that it terminated Marlang. Costco says it had a legitimate, nondiscriminatory reason for terminating Marlang because he stole a mattress from the company. Given the question of fact as to whether this reason is pretextual, Costco's motion for summary judgment is denied.

  Costco alternatively seeks judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that Marlang's claim is not plausible. However, the court cannot conclude that the claim is implausible given the

question of fact as to whether Costco's stated reason for terminating Marlang was a pretext for discrimination. Accordingly, to the extent Costco alternatively seeks dismissal of the claim based on an alleged lack of plausibility, the motion is denied.

**II.     BACKGROUND.**

Marlang, born in the Philippines, moved to Hawaii in 1974 and became a United States citizen in 1980. While in the Philippines, Marlang had contracted polio. As a result, his right leg is shorter and thinner than his left leg, which causes him to limp. See First Amended Verified Complaint ¶¶ 7-11.

In 2009, Costco hired Marlang as a part-time maintenance person for its Kapolei store. Id. ¶ 22. According to Marlang, he told his supervisors at Costco about his disability and received numerous reasonable accommodations. For example, he was not required to clean up slippery liquids, was allowed to go home to fix his leg brace, was permitted to park in the handicap area, and was exempted from having to walk the perimeter of the store, climb ladders, and carry heavy items. Id. ¶¶ 26-31.

In mid-2012, Costco Receiving Manager Scott Oyama told Marlang and three other maintenance workers to cut up returned "memory foam" mattresses and put the pieces in the trash compactor. Id. ¶ 32. Marlang says Costco received about two of

2

these returned mattresses each week and that it took 30 to 60 minutes to cut each one up.  Id.

Marlang reports that, in mid-2012, Fernando Doria, who installed tires for Costco, asked Costco Front End Manager Gail Kaina if Doria could take home a piece of a discarded mattress. Kaina granted that request.  Id. ¶ 33.  Doria told Marlang about this and asked Marlang to save him a piece of a mattress.  Id.

Marlang says that he then asked Assistant Warehouse Manager Scott Ankrom whether he too could take home some of the cut-up mattress pieces, which Marlang wanted to use to insulate his home.  Id. ¶ 33(a).  According to Marlang, Ankrom granted that request and said he would tell the Closing Manager to let Marlang leave with the pieces.  Id.  When Marlang left that night, the Closing Manager asked Marlang who had given him permission to take the mattress pieces.  Marlang told him, "Scott Ankrom."  The Closing Manager then let Marlang out of the Costco store with the pieces.  Id.  That same night, Merchandise Stocker Vincent Racquedon also took mattress pieces home.  Id. ¶ 34.

A few months later, on November 17, 2012, Oyama told Marlang to dispose of three mattresses.  Marlang says that he asked whether he could take one of the mattresses home and that Oyama gave him permission to take one.  Id. ¶ 35.  Marlang recalls that, because his truck was broken, he did not take the mattress home that day.  Id.  Two days later, Marlang's

3

supervisor, Clarence Arlantico, sent Marlang a text message: "Did u still want the bed mattress (sic)?"  Id. ¶ 36.  Marlang replied that he did.  Id.

On December 2, 2012, Marlang told John Palowski, another Front End Manager, that Oyama had authorized Marlang to take home a cut-up mattress.  Id. ¶ 37.  Together, they walked to the back of the store where the mattress had been sitting since November 17, 2012.  Palowski helped Marlang place the mattress with a cut in it that was two-feet long and two-inches deep onto a flat bed, and together they pushed it out the receiving door. Id.  Marlang later loaded the mattress onto his truck.  Id. Costco has submitted surveillance video of Palowski and Marlang pushing the mattress out the door.  See ECF No. 41.  Although the video is "grainy" and "blurry," it clearly shows two people loading a mattress onto a flat bed and pushing it out the door. Id.

Costco has an employee agreement.  See ECF No. 41-4. Section 4.8 of that agreement states, "We reserve the right to terminate your employment for good and sufficient cause as defined by Costco.  This includes, but is not limited to, the 'Causes for Termination' listed in Section 11.3."  Id., PageID # 250.  Under Section 11.3, Costco may terminate an employee based on "2. Violation of Company policy . . . including . . . d. Interfering with an investigation," "10. Serious misconduct of

4

any kind as defined by the Company," and "15. Proof or confession of dishonesty including, but not limited to: a. Grazing[; or] b. Theft of any kind." Id., PageID # 270-71.

Steven Dean, Costco's national Director of Security, says that Costo terminates nearly all employees who are caught stealing. See Decl. of Steven Dean ¶ 3, ECF No. 41-1, PageID # 226. He says that, in fiscal year 2013, Costco conducted 161 internal theft investigations, resulting in 158 terminations of employees. Id., PageID # 227. He says the theft of a mattress is considered a major theft for which Costco will terminate an employee. Id. ¶ 4, PageID # 227. He also says that no Costco employee, including managers and other supervisors, may "authorize employee theft." Id. ¶ 5, PageID # 227.

Noreen Kam-Chavez, the Warehouse Manager at the Kapolei Costco, says "Marlang stole property from Costco. Specifically, a memory foam mattress." Decl. of Noreen Kam-Chavez, ECF No. 41-2, PageID # 229. She explained that the mattress Marlang took home had been returned by a customer, and that, when a customer returns an item, Costco usually turns around and returns it to the vendor for a credit. Id. ¶ 4, PageID # 229-30. However, with a large item such as a mattress, the cost of returning the item to the vendor is "irrational," so the large item is "virtually returned" to the vendor based on agreements allowing Costco to destroy the item, rather than physically return it.

5

Id.  She says that these items are not considered trash, and instead must be destroyed in a manner that allows Costco to certify the destruction and receive a credit.  Id.  According to Kam-Chavez, when an item is not properly destroyed, Costco may not claim a credit for the "virtually returned" item.  Id.

Kam-Chavez also says that, when Marlang was initially questioned about the "theft," he denied any knowledge of it.  However, he "admitted the theft" upon being told there was surveillance video of his taking of the mattress.  Id. ¶¶ 6-8, PageID # 231-32.  What is not clear is whether the reference to "admitting the theft" indicates that Marlang admitted having stolen the mattress or only having taken the mattress after having been told by a supervisor that it was okay for him to do so and with the help of another manager.  That is, the court is uncertain whether Kam-Chavez is characterizing the action as a theft that Marlang admitted to or whether Marlang uttered words equivalent to, "Yes, I stole the mattress.  That is, I took the mattress without having any right to do so."

Kam-Chavez made the decision to terminate Marlang.  Id. ¶ 11, PageID # 232.  Even if Marlang had not been terminated for "theft," Kam-Chavez says he would have been terminated for dishonesty during the investigation.  Id. ¶ 9, PageID # 232.

Marlang says that other nondisabled individuals who took home cut-up mattress pieces were not terminated.  First

Amended Verified Complaint ¶ 41(b), PageID # 68.  Costco points out that none of those employees took home a whole mattress with only a cut in it.  The record does not state whether Costco took any employment action against Palowski, the manager who helped Marlang take the mattress out of the store.

**III.    SUMMARY JUDGMENT IS DENIED.**

    **A.    Summary Judgement Standard.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (2010).  See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  The movants must support their position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c).  One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  T.W. Elec. Serv., Inc., 809 F.2d at 630.  At least some "'significant probative evidence tending to support the complaint'" must be produced.  Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  See Addisu, 198 F.3d at 1134 ("A

scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587). Accord Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id. When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." Id.

**B. Analysis.**

Marlang's First Amended Verified Complaint asserts a single claim against Costco for discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 and 12132. See ECF No. 14.

The ADA prohibits discrimination against qualified individuals with disabilities. 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."); Curley v. City of N. Las Vegas, 772 F.3d 629 (9th Cir. 2014); Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 271 (9th Cir. 1996). The ADA also protects persons who are regarded as disabled. See 42 U.S.C. § 12101(1)(C); 29 C.F.R. § 1630.2(l); Weaving v. City of Hillsboro, 763 F.3d 1106, 1117 (9th Cir. 2014). Marlang asserts that he was terminated because of his disability.

A plaintiff asserting disparate treatment may prove that claim in two ways. First, a plaintiff may prove disparate treatment by producing direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1105 (9th Cir. 2008). Second, as here, a plaintiff

may apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Curley, 772 F.3d at 632 ("Discrimination and retaliation claims under the ADA are both subject to the burden-shifting framework outlined in McDonnell Douglas Corp."). See also Raytheon Co. v. Hernandez, 540 U.S. 44, 51-55 (2003) (applying McDonnell Douglas burden shifting framework to disparate treatment claim asserted under § 12112(a) of the ADA).

Under the McDonnell Douglas framework, a plaintiff must establish a prima facie case of discrimination by showing that (1) he belongs to a protected class; (2) he performed according to his employer's expectations; (3) he suffered an adverse employment action; and (4) similarly situated individuals outside of his protected class were treated more favorably. See Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116 (9th Cir. 2009); Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115 (9th Cir. 2000). The degree of proof required to establish a prima facie case for summary judgment is minimal. See Rashdan v. Geissberger, 764 F.3d 1179, 1183 (9th Cir. 2014); Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1094 (9th Cir. 2005). Under the McDonnell Douglas framework, once a plaintiff succeeds in presenting a prima facie case, the burden shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for its employment decision. Noyes v. Kelly Servs., 488 F.3d 1163, 1168

11

(9th Cir. 2007). "Should the defendant carry its burden, the burden then shifts back to the plaintiff to raise a triable issue of fact that the defendant's proffered reason was a pretext for unlawful discrimination." Id.

For purposes of this motion, Costco is not disputing that Marlang satisfies his initial burden of demonstrating a prima facie case of discrimination. See ECF No. 40-1, PageID # 195 ("For purposes of this Motion, Costco will not dispute whether Plaintiff has provided sufficient evidence to support a *prima facie* inference of discrimination (*i.e.* prong #1 of the *McDonnell Douglas/Burdine* test. Thus, for purposes of this Motion, the Court may assume that Plaintiff has met his burden of stating a *prima facie* case.").

Given Marlang's prima facie case for purposes of this motion, the burden shifts to Costco to articulate a legitimate, nondiscriminatory reason for terminating Marlang. There is no question that Costco satisfies this prong, as Costco says Marlang stole a mattress, and Costco's employee agreement allows Costco to terminate employees for stealing from the company. The burden thus shifts back to Marlang to raise a triable issue of fact as to whether Costco's proferred reason for terminating him was pretextual.

There is a genuine issue of material fact as to whether Costco's reason for terminating Marlang was a pretext for

12

unlawful discrimination based on Marlang's disability or perceived disability. Marlang says he received permission from a manager to take home the mattress with a cut in it and was even helped out of the store with the mattress by another manager. Other nondisabled employees took pieces of mattresses home, but Marlang says only he was fired. Under these circumstances, a reasonable jury could infer that Costco fired Marlang because of his disability, even though Costco had in the past granted Marlang many reasonable accommodations. See McDonnell Douglas, 411 U.S. at 804 (noting that, with respect to pretext, evidence that similarly situated employees outside of a person's protected class received more favorable treatment is especially relevant); Vasquez v. County of Los Angeles, 349 F.3d 634, 650 (9th Cir. 2003) (different treatment of similarly situated individual is evidence of pretext).

The present record does not permit this court to draw a distinction as a matter of law between Marlang, who took what appears to have been a whole mattress home, and other employees who took portions of mattresses home. Marlang's mattress apparently had a cut in it that was two inches deep and two feet long. It is unclear whether that mattress could still be used as a mattress or whether it should have been considered "scrap." This court cannot resolve that uncertainty on the present record.

When the disputed facts are viewed in the light most

13

favorable to Marlang for purposes of this motion, it appears that Marlang was fired after he took home a mattress with a large cut in it and after receiving permission from his superiors to do so, with Costco now saying that he "stole" the mattress. Because a reasonable jury could conclude that Costco "set up" Marlang and treated him differently from other nondisabled individuals, a reasonable jury could determine that Marlang's firing for theft was a pretext for disability discrimination.

The court is also unpersuaded by Costco's argument that, had Marlang not been terminated for theft, he would have been terminated for dishonesty during the investigation. First, dishonesty was not the reason Costco gave for terminating Marlang. Second, it is not at all clear that Marlang was, in fact, dishonest during the investigation. Had Marlang been asked whether he stole the mattress, he might have initially and honestly said "No," thinking that he had received permission to take it home. Then, upon being told that there was surveillance video of him taking the mattress, Marlang could have then admitted that he took the mattress. But, as discussed above, taking the mattress is not necessarily the same as stealing it. From Costco's perspective, no employee or supervisor was authorized to allow any employee to take anything home, making it "stealing" when Marlang took the mattress home with the permission and help of supervisors. From Marlang's perspective,

14

he did not "steal" the mattress, but instead took it home with permission and help of his supervisors.

Given the question of fact as to whether Marlang "stole" the mattress, Costco's motion for summary judgment is denied.

**IV.    THE ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS IS DENIED.**

Costco alternatively seeks judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, arguing that Marlang's First Amended Verified Complaint fails to assert a plausible claim.  Unusually, Costco raises this as its second argument, not, as usually occurs, as an argument made at the outset before consideration of material outside the pleadings.  In any event, given the court's determination that a question of fact exists as to whether Costco discriminated against Marlang based on his alleged disability, the court denies the motion for judgment on the pleadings.

    **A.    Judgment on the Pleadings Standard.**

Rule 12(c) states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. <u>United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  "[T]o survive a Rule 12(b)(6) motion to dismiss, factual

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c) motion

must construe factual allegations in a complaint in the light most favorable to the nonmoving party. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Under Rule 12(c), "Judgment on the pleadings is properly granted when, accepting all factual allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting Fleming, 581 F.3d at 925); accord Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

**B. Analysis.**

In seeking judgment on the pleadings, Costco argues that Marlang's allegations are not plausible. Costco contends that, according to the allegations of the First Amended Verified Complaint, Costco provided Marlang with numerous accommodations for his alleged disability. Given this history, Costco says it is implausible that Costco terminated Marlang because of his disability, rather than because he "stole" the mattress. The court is unpersuaded by this argument.

Marlang's allegations of discrimination may not be the strongest this court has seen. Nevertheless, as discussed above, a reasonable jury could determine that Costco terminated Marlang, a disabled person, but did not treat similarly situated nondisabled people the same way, leading to a reasonable

17

inference that the disparate treatment was based on Marlang's disability. Costco's alternative motion for judgment on the pleadings is therefore denied.

**V.    CONCLUSION.**

The court denies Costco's motion for summary judgment and alternative motion for judgment on the pleadings without a hearing pursuant to Local Rule 7.2(d).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 28, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Marlang v. Costco Wholesale Corp., Civ. No. 14-00293 SOM/RLP; ORDER DENYING DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION FOR JUDGMENT ON THE PLEADINGS